**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| THE HILLMAN GROUP, INC., | Case No. 2:20-cv-00070-JRG |
| Plaintiff, |  |
| v. | **JURY TRIAL DEMANDED** |
| KEYME, LLC., |  |
| Defendant. |  |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.   **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)   the correct names of the parties to the lawsuit;

    (b)   the name, address, and telephone number of any potential parties;

    (c)   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)   the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying

on an insurance business may be liable to satisfy part or all of a judgment entered

in this action or to indemnify or reimburse for payments made to satisfy the

judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2.     **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity

of any witness it may use at trial to present evidence under Federal Rule of Evidence 702,

703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in

the case or one whose duties as the party's employee regularly involve giving expert

testimony, provide the disclosures required by Federal Rule of Civil Procedure

26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil

Procedure 26(a)(2)(C).

3.     **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the

following disclosures to every other party:

(a)     provide the disclosures required by the Patent Rules for the Eastern District of

Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i.     If a party claiming patent infringement asserts that a claim element is a

software limitation, the party need not comply with P.R. 3-1 for those claim

---

[1]  The Court anticipates that this disclosure requirement will obviate the need for requests
for production.

elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii.   If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a) <u>Interrogatories</u>: Each party may serve up to 25 interrogatories to the other party.

(b) <u>Requests for Admission</u>: There is no limitation on the number of requests for admission that the parties may serve to establish the authenticity or admissibility of documents or other evidence.  In addition, each party may serve up to 25 requests for admission to the other side.  Requests for Admission directed to the authenticity or admissibility of documents or other evidence shall clearly be denoted as such.

(c) <u>Depositions of Parties, Third Parties, and Experts</u>:

   i.   Each party may take up to sixty (60) hours of fact deposition testimony from the other party and from non-parties (including testimony pursuant to Rules 30(b)(1) and 30(b)(6)).  This limit does not include depositions of expert witnesses.

   ii.  Each deposition shall be limited to seven (7) hours in accordance with the Federal Rules of Civil Procedure except that any deposition requiring the use of a translator is limited to ten (10) hours, only seven (7) hours of which will count against the deposition.

   iii. The parties agree to meet and confer in good faith within three (3) business days of the service of opening expert reports concerning the number and length of expert depositions.  A party's ability to seek additional expert depositions and/or additional expert deposition hours shall not be prejudiced in any way by this subparagraph.

     iv.    If an expert witness provides one or more supplemental expert reports, the parties agree to meet and confer in good faith concerning providing additional deposition time proportional to the length and content of the supplemental report(s). A party's ability to seek additional deposition hours shall not be prejudiced in any way by this subparagraph.

     v.    If any party requests more than the total allowed time for a particular deposition, or if any party seeks more than its agreed-upon limit of depositions hours as set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without Court intervention.

     vi.    Notwithstanding any of the previous sections, no witness shall be subject to more than seven (7) hours of examination in a single day without agreement of the parties and the witness.

(d) The parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses.  To the extent that the parties cannot reach agreement to reasonable adjustments, any party may later move to modify any of the above limitations for good cause.

(e) All discovery shall be proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

**6.**    **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without

revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a)     Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written

statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.   The written statement shall list, by category, the items the Requesting Party contends should be produced.   The parties shall promptly meet and confer.   If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.   The Requesting Party may thereafter file a motion to compel.

(b)     An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)     Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)     Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)     Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.     **Proposed Stipulations by the Parties Regarding Discovery.**

(a)     Service by Email.  The parties agree to accept service of letters, discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules) via an email listserv address designated by each of the parties. The parties agree that service via this method is deemed to have occurred on the date received, so long as such is received on or before 11:59 p.m. Central Time.

(b)     Email Discovery.  The parties agree that emails are not included in the scope of documents that will be produced in accordance with Paragraph 3 of this Order or under the Local Rules or the Local Patent Rules.  Rather, the scope and timing of

email discovery will be negotiated separately by the parties.  Nothing in this
paragraph shall be construed to suggest that emails are not relevant to the pleaded
claims or defenses involved in this action.

(c) <u>Privilege Logs</u>.   Except as provided under Local Patent Rule 3-7, no party is required
to include in a privilege log any document that came into existence on or after the
filing date of the Complaint in this action.  The parties agree that the format and
timing of the privilege log exchange will be negotiated separately by the parties along
with the email discovery referred to in Paragraph 12(b) above.

(d) <u>Inadvertent Disclosure of Privileged Materials</u>.  Pursuant to Federal Rule of Evidence
502(d), inadvertent production of materials covered by the attorney-client privilege or
work-product protection ("Produced Materials") is not a waiver in this proceeding or
in any other federal or state proceeding.  In case of an inadvertent production, at the
producing party's request, the receiving party shall immediately return or destroy the
inadvertently Produced Materials, and the producing party will provide a privilege log
in accordance with Paragraph 6 that includes the inadvertently Produced Materials.

(e) <u>Expert Communications and Drafts.</u>  Counsel need not preserve drafts of expert
reports (partial or complete), notes, and other evidence of communications with
experts on the subject of the experts'actual or potential testimony. Further, the parties
agree that neither party need produce communications between counsel and expert
witnesses, communications between an expert and others, including staff members,
who work at the direction of the expert to support the expert, or drafts of expert
reports.

(f)  <u>Documents Produced in Related Cases</u>.

    i.  The parties agree that all non-email documents produced in Civ. Action No. 2:19-cv-209 will be deemed produced in this case, and vice versa, and will be cited according to the Bates numbers under which they were produced in Civ. Action No. 2:19-cv-209.  The parties agree to meet and confer in good faith regarding the cross production of email in this case and in Civ. Action No. 2:19-cv-209 during their negotiation of the scope and timing of email discovery.

    ii.  The parties agree that all non-email documents produced in *KeyMe, LLC v. The Hillman Group, Inc.*, 1:19-cv-01539 (D. Del.) ("the Delaware case") will be deemed produced in this case.  The parties agree to meet and confer in good faith regarding the cross production of email from the Delaware case in this case during their negotiation of the scope and timing of email discovery.

    iii.  The parties agree that all documents produced in this case will be deemed produced in the Delaware case.

    iv.  These agreements do not constitute an admission by either party of the relevance or admissibility of any document produced in a related case.  Both parties reserve the right to challenge the relevance or admissibility of any document.

13.  **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others

- 10 -

(including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 2nd day of June, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE